IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------------  :
RONALD THOMAS,                                              :  CASE NO.  1:05 CV 0693
                                                            :
                                            Petitioner,     :
                                                            :  MEMORANDUM OF OPINION AND
                        -vs-                                :  ORDER DENYING PETITIONER
                                                            :  RELIEF UNDER 28 U.S.C. § 2255.
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                                            Respondent.     :
---------------------------------------------------------  :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Pursuant to a written Plea Agreement ("Agreement"), petitioner Ronald Thomas ("Mr. Thomas") entered a plea of guilty on 7 October 2003 to a two-count Indictment charging him with felon-in-possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Case 1:03 CR 00115, Docket 23).   Mr. Thomas was sentenced on 22 December 2003 to a period of 77 months imprisonment with the

Bureau of Prisons to be followed by three years of supervised release.  The Petitioner did not appeal his sentence.

Mr. Thomas now seeks to vacate or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. 1).  The government filed an answer to Mr. Thomas' petition (Doc. 5), to which Mr. Thomas replied.  (Doc. 7).  The issue is now ripe for consideration.

For the reasons set forth below, Mr. Thomas' petition for relief under 28 U.S.C. § 2255 will be denied.

Section 2255 permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255.  The movant has the burden of establishing any claim asserted in the petition.  See Bowers v. Battles, 568 F.2d 1, 5 (6th Cir. 1977), cert. denied, 436 U.S. 910 (1978).

Where a constitutional error is alleged, in order to obtain relief under 28 U.S.C. § 2255 the record must reflect a constitutional error of such magnitude that it had a substantial and injurious effect or influence on the proceedings.  See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993);  Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999).  In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  Riggs v. United States, 209 F.3d 828, 831 (6th Cir.), cert. denied, 531

U.S. 884 (2000). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001), cert. denied, 535 U.S. 967.

Mr. Thomas petitions the Court for relief from the imposition of his sentence as unconstitutional pursuant to the United States Supreme Court's decisions in Booker and its progeny. (Doc. 1). The government opposes the petition on the grounds that: (1) Mr. Thomas expressly waived his right to petition under 28 U.S.C. § 2255 in his Plea Agreement; (2) Mr. Thomas' petition exceeded the one-year period of limitation allowed for 28 U.S.C. § 2255 pleadings; and (3) Booker does not apply retroactively to cases on collateral review. (Doc. 5). In reply, Mr. Thomas maintains: (1) his express waiver was not knowing and voluntary because the decision in Booker had yet to occur; (2) 28 U.S.C. § 2255(3) brought his petition within the one-year statute of limitations; and, (3) Booker applies retroactively in collateral petitions. The Court will take up each of these positions in turn.

### Express Waiver in Mr. Thomas' Plea Agreement

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." United States v. Fleming, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting United States v. Ashe, 47 F.3d 770, 775-76 (6th Cir. 1995)). "[A] defendant in a criminal case may waive his right to appeal his sentence in a valid plea agreement." United States v. Smith, 344 F.3d 479, 483 (6th Cir. 2003)

3

"[W]aiver of appeal provisions in a plea agreement [may] effectively waive appeal of Booker -type violations." United States v. Luebbert, 411 F.3d 602, 603 (6th Cir. 2005).

"When a [d]efendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement and will not review the sentence except in limited circumstances." Smith, 344 F.3d at 483. "For a plea agreement to be constitutionally valid, a defendant must have entered into the agreement knowingly and voluntarily." Smith, 344 F.3d at 483.

In his Plea Agreement, Mr. Thomas expressly waived his rights under 28 U.S.C. § 2255, but reserved the following:

> Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any punishment to the extent it constitutes an upward departure from the Sentencing Guideline range determined by Offense level 21 and the properly calculated Criminal History Category. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.

Decisions in the Sixth Circuit have dismissed Sixth Amendment challenges to pre-Booker sentences based on this type of written appeal waiver. For example, in Luebbert, where the appeal waiver was similar to the waiver in this case, the Court found that the appeal waiver foreclosed the petition. Luebbert, 411 F.3d at 603. See also U.S. v. Hensel, Slip Copy, 2007 WL 1028865 (6th Cir. 4 April 2007) (virtually identical plea agreement waiver found to bar petitioner's 28 U.S.C. § 2255 appeal for relief).

Post-Booker, the Sixth Circuit has held that "where developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding

4

nature." United States v. Bradley, 400 F.3d 459, 463 (6th Cir. 2005); see also United States v. Yoon, 398 F.3d 802, 808 (6th Cir. 2005). In light of this precedent, the Plea Agreement forecloses Mr. Thomas' 28 U.S.C. § 2255 petition.

**One-Year Statute of Limitations for 28 U.S.C. § 2255 Petitions**

The timeliness of Mr. Thomas' motion is governed by paragraph 6 of 28 U.S.C. § 2255, which provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001) (citations omitted). "[W]hen a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered, or on the date on which the time for filing such appeal expired." United States v. Cottage, 307 F.3d 494, 499 (6th Cir. 2002) (citations omitted). The ten-day appeal period mandated by Fed. R. App. P. 4(b)(1)(A) begins on the date the district court enters its judgment, not the date of sentencing. Id. at n. 4. Assuming that the date marking the expiration of the ten-day appeal period is controlling, judgment was entered

5

on 23 December 2003, and, excluding the subsequent weekends and holidays, (see Fed. R. App. P. 26(a)) the time for filing a notice of appeal thus expired on 12 January 2004. The running of 28 U.S.C. § 2255's statute of limitations period commenced on 13 January 2004, and it expired one year later, on 12 January 2005. Petitioner's motion was filed on 9 March 2005.

Even assuming that Booker triggers 28 U.S.C. § 2255(3) above, as bestowing a right "newly recognized by the Supreme Court," the decision, nevertheless, does not apply retroactively. Accordingly, Mr. Thomas' 28 U.S.C. § 2255 motion is time-barred.

**Non-retroactivity of Booker in Collateral Review**

Mr. Thomas simply contends that his sentence was "unconstitutional" on the basis of the decision in Booker. The Sixth Amendment holding of Booker is direct: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244. However, even assuming, arguendo, that Mr. Thomas could demonstrate some, as yet unspecified, Booker error at his sentencing, he is nevertheless entitled to no relief. In Booker, the Supreme Court limited the applicability of its Sixth Amendment holding to all cases then pending on direct review. Id. at 268. As noted above, Mr. Thomas' conviction became final on 23 December 2003. Booker was decided on 12 January 2005. Thus, petitioner's case was not on direct review at the time Booker was decided.

6

Moreover, Mr. Thomas is incorrect in arguing that Booker is retroactively applicable to his case on collateral review. (Doc. 7).  In Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005), the Sixth Circuit held that Booker established a new rule of constitutional criminal procedure that was not dictated by existing precedent and, furthermore, does not satisfy the test for retroactivity under Teague v. Lane, 489 U.S. 288 (1989).  Thus, Booker is not retroactively applicable to cases on collateral review.  See also Lang v. United States, 474 F.3d 348, 353-55 (6th Cir. 2007).  Mr. Thomas' contention that Booker is applicable to his case is foreclosed by Sixth Circuit precedent.  Accordingly, Mr. Thomas' allegation of Sixth Amendment error at sentencing is denied.

The motion, together with the files and record in this case "conclusively show that Defendant is entitled to no relief."  28 U.S.C. § 2255; see also Rule 4(b), 28 U.S.C. § 2255 Rules.  Therefore, the Court finds the motion may be resolved without an evidentiary hearing.  United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986).  Mr. Thomas' conviction and sentence are valid and his motion pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

   /s/Lesley Wells  
UNITED STATES DISTRICT JUDGE